IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO.: 5:02-CR-280-H-3

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| JOHNNY ANDREAS SAVVA, ) | |
| ) | |
| Defendant. ) | |

This cause came to be heard before this court for the purposes of detention of Defendant pursuant to the Bail Reform Act, 18 U.S.C. § 3141 *et seq.*, pending further proceedings in this matter.

After careful consideration of the credible information and argument submitted at the hearing, in accordance with 18 U.S.C. § 3143 and Rule 32.1, Fed. R. Crim. P., the court finds that Defendant has failed to demonstrate by a preponderance of the evidence that there are conditions that will reasonably assure the court Defendant will appear and/or by clear and convincing evidence that there are conditions that will reasonably assure the court of the safety of any other person and the community pending further proceedings in this matter. The information considered by the court includes the government's motion for revocation of Defendant's supervised release, the testimony of the government's witness, and the proposed third-party custodian, Defendant's mother.

The principal findings and reasons underlying the court's determination include the following: (1) the basis for the government's motion for revocation of Defendant's probation for which probable cause was established, (2) the testimony of United States Probation Officer Eddie

Smith as to Defendant's actions during the offense in question, (3) Defendant's criminal history as related by the parties, including a conviction of assault underlying this action, (4) and other findings and reasons stated in open court. The court has considered evidence offered as mitigating, including Defendant's proposed third-party custodian. The court finds however that the factors favoring detention outweigh this evidence. Rule 32.1, Fed. R. Crim. P.

It is therefore ordered that Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or upon request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States marshal for the purpose of appearance in connection with a court proceeding.

This, the 22nd day of December, 2010.

Robert B. Jones, Jr.
United States Magistrate Judge